Clem R. Starkey v. Commissioner.
Starkey v. Commissioner
Docket No. 1590-62.
United States Tax Court
T.C. Memo 1963-272; 1963 Tax Ct. Memo LEXIS 73; 22 T.C.M. (CCH) 1371; T.C.M. (RIA) 63272; October 1, 1963
Steven Agapion, c/o 2111 Mimosa Dr., Greensboro, N.C., for the petitioner. Bernard A. Heeke and Paul J. Weiss, Jr., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax for the calendar year 1960 in the amount of $507.31. Petitioner has conceded an exemption claimed on his return for his mother, and the only remaining issues are whether petitioner furnished over one-half of the cost of support during 1960 for his minor son, Robert A. Starkey, hereinafter called Robert, and for his minor daughter, Elizabeth A. Starkey, hereinafter called Elizabeth. Some of the facts have been stipulated and are found as stipulated. Petitioner is an individual residing at Winston-Salem, North Carolina. *74 His income tax return for 1960 was filed with the district director of internal revenue at Greensboro, North Carolina. Petitioner and the mother of Robert and Elizabeth were married in 1948 and divorced in 1956. She has since married Howard E. Hammersley, Jr., and will hereinafter be called Mrs. H. During a part of the year 1960 Robert and Elizabeth lived with their mother at her home and for the remainder of such year they lived at the home of the mother's parents. Also during 1960 petitioner contributed $50 in cash per month toward the support of each child, or $600 for Robert and $600 for Elizabeth. In addition, petitioner made certain expenditures and contributions to or for the benefit of each child. The record is not entirely clear as to the exact amounts of these expenditures and contributions, and petitioner has not filed any brief to aid us; but he did testify to specific items which he said came to a total of $1,054.82 (including the $600 cash) as to each child. None of these items were supported by any character of documentation except the $600 cash contributions. Later in his testimony petitioner stated that he could not remember all of his expenditures in 1960 for *75 Robert and Elizabeth, and that he estimated his total expenditures at between $1,600 and $1,700 for each child. Mrs. H. kept careful account of all amounts spent for the support of Robert and Elizabeth during 1960 and in most instances supported such account with various types of documentation. We have examined the record carefully and now find as facts that exclusive of all of petitioner's contributions and expenditures, the total cost of Robert's support in 1960 was at least $1,150 and for Elizabeth, a slightly greater amount. This is another of those unfortunate cases where the contributions of divorced parents towards the support of their children are almost equal. We have before us only the case of the father, and it is his burden to prove that he provided over one-half of the support of each child for the year in issue. See sections 151 and 152 of the Internal Revenue Code of 1954. He was a good and straightforward witness, and we believe his testimony as to the items he specified while on the stand, even though undocumented. However, we cannot accept his entirely unsupported estimate at the very end of his testimony that he spent totals of "between *76 $1,600 and $1,700" toward the support of each child. Our ultimate finding is that petitioner's expenditures for Robert and for Elizabeth amounted, during 1960, to less than $1,150 apiece; consequently, Decision will be entered for the respondent.